## Parker v. Parker

*Rowley & Smith*, for libellant.

SOHN, J., November 28, 1947.—Julia Shapach Parker filed a petition for the annulment of her marriage to Homer C. Parker. Libellant testified that respondent was confined to the Ohio State Penitentiary. A duly authenticated copy of the proceedings on an indictment for bigamy in the State of Ohio was received in evidence. The record shows that on February

5, 1947, respondent was sentenced to imprisonment in the Ohio State Reformatory at Mansfield, Ohio, for an indefinite period. On the basis of the testimony and the record, we conclude that respondent was confined to the Ohio State Reformatory at the time of the hearing, which was held Monday, September 8, 1947.

Service of notice of the petition for annulment was had by the issuance of a subpœna, an alias subpœna, and an order of publication. Service of the master's notice was had by publication and by mailing a copy of the notice to respondent by registered mail to 465 Arbor Road, Cleveland, Ohio. Another notice was mailed in care of the Central Police Station, Cleveland, Ohio. The master attached to his report a registered return receipt for each notice. The receipts are in the name of Homer C. Parker, addressee, by the signature of an agent, A. Davis, O. S. R. These receipts seem to have been executed by someone at the Central Police Station, Cleveland, Ohio.

We are of the opinion that the manner of service of the master's notice is not sufficient in the instant proceedings.

In Taylor v. Taylor, 59 D. & C. 192, service was had upon a respondent confined in the Allegheny County Workhouse. Judge Morrow returned the record to the files without prejudice to the rights of libellant to take further action in accordance with law. Judge Morrow held that the master should have given notice of the hearing to defendant and informed him of his right to apply to the court for a writ of habeas corpus to the end that he might be brought before the master and testify if he so desired.

In view of the fact that defendant in this case is confined to a penal institution, we believe the notice should specifically inform him of his right to apply for a writ of habeas corpus and testify in the divorce procedings. The procedure we suggest was followed in Mitchell v. Mitchell, 187, March term, 1944, in the Court of Common Pleas of Beaver County, Pa.

*Order*

And now, to wit, November 28, 1947, the within matter is referred back to the master for the purpose of fixing the date and place of another hearing before the master. The master to give notice of such hearing in accord with the suggestion contained in this opinion.